8143.. MATTHEWS *v.* SOUTHERN RAILWAY COMPANY.

LUKE, J. 1. The petition alleged: that the plaintiff was in the employ of the defendant as a member of a section-crew working on the defendant's railroad tracks; that the section foreman under whom he was working directed the crew to load some ends of cross-ties on the tool

or hand-car and carry them to the residence of the section foreman, a distance of about two hundred yards; that the foreman, after giving such orders, left the plaintiff and the other members of the crew and went to his home; that the plaintiff and other members of the crew loaded the said cross-tie ends on the car and proceeded with them, down grade, to the residence of the section foreman, where the car was kept; that the car stopped at a place near the foreman's woodpile, and one of the other members of the crew got off the car and moved one of the cross-tie ends to a position where the crank-handle on the car, in moving up and down, caught the plaintiff's hand between the car-handle and that cross-tie end and injured his finger and hand; that as a result of this injury he lost several weeks from his work; that the defendant was negligent (1) in ordering the plaintiff to do such work as is set out above; (2) in carrying such material on the car; (3) in allowing the foreman of the section-crew to absent himself from the workmen of the section; (4) in not securing for the plaintiff medical attention; (5) in allowing the said fellow servant to remove the position of the said cross-tie ends without notice to the plaintiff; (6) in loading the car in such way that the injury would occur, and in injuring the plaintiff in the ways set out in the petition; and that the plaintiff was free from fault. *Held,* that the court did not err in sustaining the demurrer to the petition and dismissing the suit. *Porter* v. *Ocean Steamship Co.,* 113 *Ga.* 1007 (39 S. E. 470); *McEwen* v. *Central of Ga.,* 127 *Ga.* 246 (56 S. E. 289).        *Judgment affirmed.    Wade, C. J., and George, J., concur.*

DECIDED JUNE 18, 1917.

Action for damages; from Fayette superior court—Judge Searcy. March 20, 1916.

The defendant demurred on the grounds: that no cause of action is set forth; that it appears that the injury was due to a mere transitory detail of the work in which the plaintiff was engaged; that it affirmatively appears that there was no negligence chargeable to the defendant of which the plaintiff can complain; that the petition shows that the plaintiff and the other section-hands were engaged at the time of the injury in a private work for their personal benefit and outside the scope of their work for the defendant; that it affirmatively appears that the alleged injury was due to an assumed risk and to a cause the existence of which the plaintiff had better opportunity to observe than did the defendant.   Each specification of negligence was demurred to specially. The court sustained each of the grounds of the demurrer and dismissed the action.

*W. B. Hollingsworth,* for plaintiff.

*Battle & Hollis, J. W. Culpepper,* for defendant.